**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1181-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DERRICK WASHINGTON,

    Defendant-Appellant.

_____

Submitted June 7, 2017 — Decided July 18, 2017

Before Judges Alvarez and Lisa.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 10-06-1210.

Joseph E. Krakora, Public Defender, attorney for appellant (Peter B. Meadow, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Derrick Washington appeals the July 17, 2015 dismissal of his petition for post-conviction relief (PCR). He alleges the Law Division judge abused her discretion by dismissing

the matter immediately before the evidentiary hearing, and that he received ineffective assistance of counsel when his lawyer did not produce two witnesses. We now affirm.

Defendant entered a guilty plea, after the denial of his motion to suppress the evidence seized resulting from a consent search, to third-degree possession with intent to distribute within 1000 feet of school property. N.J.S.A. 2C:35-7 and 2C:35-5(a)(1). In accord with the plea agreement, on December 9, 2011, he was sentenced to a term of five years imprisonment, subject to three years of parole ineligibility.

The relevant circumstances and procedural history leading to this appeal can be very briefly described. We further detail facts necessary to our discussion of the motion to suppress and the information in the PCR certifications in our discussion of defendant's points on appeal.

On September 9, 2014, we remanded defendant's PCR petition for hearing. State v. Washington, No. A-4304-12 (App. Div. Sept. 9, 2014) (slip op. at 6-7). By July 17, 2015, the matter had been listed for hearing on five occasions. Because of the judge's frustration at the unavailability of the witnesses on the five scheduled dates, the judge directed her law clerk to send an email notifying counsel that any witnesses either side wished to present at the hearing would have to be subpoenaed. Although not entirely

clear from the record, it appears that requests for adjournments on the prior scheduled dates had been made by both the State as well as defendant.

In the email, counsel was advised that the fifth adjournment request was the last one that would be granted. The matter was thus finally scheduled, with counsel's input, a sixth time for July 17, 2015.

When the matter was called, defendant's attorney advised that the two witnesses defendant had hoped to produce were unavailable. One had a medical issue and was either "still in the hospital or he just had an operation. He's either in the hospital or in the rehab[.] [B]oth of the addresses of which I have and that has to do with his medical condition." The other witness was defendant's aunt, who was then on vacation. The attorney said, when referring to the aunt, that he "had corresponde[d,] under subpoenas." Counsel said he had discussed the matter with her and that "she had every intention of being here" but for the fact that she was away. Counsel also stated that with regard to the adjournments, "several" were at defendant's request, and "one or two instances on behalf of the State." He requested a sixth adjournment.

In response, the judge explained the scheduling history for the benefit of the record, including the fact the parties had been directed to subpoena their witnesses, and had been advised that

no additional adjournments would be granted. The court applied the factors in <u>United States v. Burton</u>, 584 <u>F.</u>2d 485, 490-91 (D.C. Cir. 1978), <u>certif. denied</u>, 439 <u>U.S.</u> 1069, 99 <u>S. Ct.</u> 837, 59 <u>L. Ed.</u> 2d 34 (1979), and denied the request for an additional adjournment. She stated that after considering counsel's reasons for the adjournment request, and in "balancing everything[,]" the petition would be dismissed without prejudice.

On appeal, defendant raises the following points for our consideration:

> POINT ONE
> THE PCR COURT'S DENIAL OF DEFENDANT'S REQUEST FOR AN ADJOURNMENT TO PRESENT WITNESSES AT THE EVIDENTIARY HEARING ON HIS PETITION FOR POST-CONVICTION RELIEF WAS AN ABUSE OF DISCRETION.
>
> POINT TWO
> THE PCR COURT FAILED TO MAKE AN ADEQUATE RECORD TO ALLOW APPROPRIATE APPELLATE REVIEW OF THE DECISION IN THIS CASE.
>
> POINT THREE
> DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT POST-CONVICTION RELIEF DUE TO THE FAILURE TO SUBPOENA WITNESSES TO APPEAR AT THE EVIDENTIARY HEARING.

The notice of appeal filed in this matter mentions that defendant "is also appealing denial of motion to vacate dismissal of PCR and to reinstate petition for post-conviction relief." Since no mention is made in the brief of the denial of the subsequent motion to reinstate PCR, we will deem it waived.

Telebright Corp., Inc. v. Dir., N.J. Div. of Taxation, 424 N.J. Super. 384, 393 (App. Div. 2012) (appellant waived right to challenge an issue due to its failure to brief the issue); Pressler & Verniero, Current N.J. Court Rules, comment 5 on R. 2:6-2 (2017).

Discretionary rulings, such as the judge's dismissal without prejudice of the petition in this case are discretionary. We do not interfere unless the judge has "pursue[d] a manifestly unjust course." Gillman v. Bally Mfg. Corp., 286 N.J. Super. 523, 528 (App. Div.), certif. denied, 144 N.J. 174 (1996). We will defer to the trial court's exercise of discretion unless the decision prejudiced the substantial rights of a party. State v. Munroe, 210 N.J. 429, 441-43, 448 (2012) (An exercise of discretion will be set aside in the interests of justice).

We see no abuse of discretion in this case that resulted in prejudice to defendant. First, contrary to defendant's contention on appeal, his attorney did make reference to "subpoenas," in the plural not the singular, some indication that counsel understood his obligations and had fulfilled them. Obviously, a more detailed inquiry and more expansive responses regarding counsel's efforts at producing the witnesses would have been preferable. A dismissal due to failure to produce witnesses at a sixth scheduled date, however, is simply not an abuse of discretion. It seems a

reasonable measure intended to balance a defendant's rights with the administrative needs of the court.

Furthermore, it is questionable whether either of those witnesses, subpoenaed or not, would have aided defendant's cause. The issue raised in the motion to suppress was the voluntariness of defendant's consent to search his apartment, which he shared with his aunt. The aunt, the same one who was on vacation at the time the hearing was scheduled, was not present when defendant signed the consent to search. She did not arrive at the premises until after defendant's arrest and the search was completed.

The request to search was precipitated by the officers' observations of defendant appearing to engage in a series of drug transactions. According to the judge who decided the motion, the officers confronted defendant, who said he lived "upstairs on the second floor[.]" When requested, he signed a consent to search form. At the motion hearing, defendant testified that he was coerced into signing the consent. When defendant's aunt appeared on the scene, she too signed a consent form. Drugs and paraphernalia were found in the apartment.

The judge who decided the motion to suppress noted that defendant's testimony stood in contrast with the officers' testimony. He testified that he was merely visiting his aunt and was waiting for her in the apartment, contrary to the statements

6    A-1181-15T3

he made at the scene. Defendant also testified that he was struck by the officers, and signed the consent for that reason and because he was afraid his aunt would be arrested. The judge found defendant incredible, concluding his consent was voluntary.

The first witness defendant intended to produce at the PCR hearing was not even mentioned during the course of the suppression hearing. This individual certified, in support of defendant's PCR petition, that he was present and watched the arrest — a claim that is not credible given the details set forth in the certification. He provided a third version of events, different from defendant's version and the police version. Thus even if the matter had gone forward with the witnesses, their testimony would not have changed the outcome. This discretionary dismissal therefore need not be set aside on the basis that it resulted in any manifest injustice, or be set aside in the interest of justice.

The standard for ineffective assistance of counsel is oft repeated. A defendant must be able to establish substandard professional assistance and prejudice to the outcome as a result. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). The Strickland two-prong standard in this case was not met. We do not agree that counsel was ineffective at the PCR hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1181-15T3